RULEY, JUDGE:
In 1977, claimant entered into a contract with respondent to provide engineering and architectural services for construction of the West Virginia University football stadium and team facilities building in Morgantown, West Virginia. Under the provisions of the contract, the respondent could request that the claimant, as architect on the project, procure the services of additional consultants, i.e., soils engineer, surveyor, aerial mapping consultant, etc., who would be subconsultants to the claimant. In those instances where claimant engaged a sub-consultant the respondent would reimburse the claimant for the services rendered by the subconsultant. This dispute centers on whether the claimant must be compensated for providing the consultants under the terms of the contract which require that an additional service be paid at a rate 2.0 times the amount billed by the consultants or whether the claimant has been fully paid by the reimbursement of the consultant fees. The claimant paid professional consultants the sum of $71,-612.84. The claimant claims twice that amount or $143,225.68 is still due and owing under the specific terms of the contract. The respondent takes the position that it has reimbursed the claimant for the services of the subconsultants as agreed by the terms of the contract and, therefore, the claimant is entitled to no further compensation.
*501 The professional fee schedule in the contract provides for three types of compensation, i.e., for basic services, additional services, and reimbursable expenses.
Article 5 of the contract defines “reimbursable expenses” between claimant (Architect) and respondent (Owner) as follows:
“5.1 Reimbursable Expenses are in addition to the Compensation for Basic and Additional Services and include actual expenditures made by the Architect, his employees, or his professional consultants in the interest of the Project for the expenses listed in the following Subparagraphs:
5.1.2 If authorized in advance by the Owner, direct expense of Special Consultant Services, Land Surveys as described in Article 2.3, Test Boring and Soils Testing as described in Article 2.4.”
Claimant seeks recovery under Section II.b.3 of the contract which provides as follows:
“Il.b. FOR ADDITIONAL SERVICES, as described in Paragraph 1.3, compensation computed as follows:
3. Services of professional consultants at a multiple of (2.0) times the amount billed to the Architect for such services.”
Letters from respondent to claimant requesting that claimant employ various consultants state that authorization is given in accordance with Articles 2.3, 2.4, 2.7, and 5.1.2 of the contract.
Article 2.7 of the contract provides as follows:
“2.7 The services, information, surveys and reports required by Paragraphs 2.3 through 2.6 inclusive shall be furnished at the Owner’s expense, and the Architect shall be entitled to rely upon the accuracy and completeness thereof. Should the Architect, at the Owner’s election, furnish such services, the Architect shall he reimbursed by the Owner at cost as described in Article 5.1.2. (Emphasis supplied.)
*502 The letters indicate respondent’s intention to reimburse claimant at cost for the hiring of consultants, and respondent has, in fact, done so.
It is clear that certain services of a professional consultant require respondent to pay claimant at the multiple rate of two times the cost. However, none of the authorization letters contemplate the application of the provisions of ¶1.3 Additional Services which involve the application of Section II.b.3 of the contract. Claimant was entitled to reimbursement for providing the consultants, and has received it. No further payments were authorized under the terms of the contract and none were intended by respondent as evidenced in its authorization letters. For those reasons, the Court must deny the claim.
Claim disallowed.